## JIM ROGERS v. STATE.

No. A-2707.　Opinion Filed January 21, 1919.

Rehearing Denied August 9, 1919.

1. **APPEAL AND ERROR—Assignment of Error—Sufficiency—Instructions.** Where counsel for plaintiff in error incorporate in their brief only detached parts of a paragraph of the court's instructions as alleged error, and do not present the entire paragraph of the court's instructions, and treat it in its relation to the entire charge, this court will not review such an alleged assignment of error, as the charge of the court must be considered as a whole and not piecemeal.

2. **SAME—Consideration of Assignment of Error.** Unless an inspection of the entire record shows some fundamental error not

assigned, only such errors as are argued in defendant's brief will be considered, as errors not argued will be regarded as abandoned.

3.    **HOMICIDE—Instructions—Sufficiency of Evidence.** The instructions given by the court in this case are free from prejudicial error, and the evidence fully supports the verdict of the jury, and all the errors argued in defendant's brief are without merit.

*Appeal from District Court, Pontotoc County;*
*Tom D. McKeown, Judge.*

Jim Rogers was convicted of manslaughter in the first degree, and he appeals. Affirmed.

*B. C. King, Crawford & Bolen, Jean P. Day,* and *Pruiett, Sniggs & Patterson,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.   The plaintiff in error, Jim Rogers, hereinafter designated defendant, was, jointly with Crocket Daggs, indicted for the murder of Mrs. Mary Harrison, tried separately, convicted of manslaughter in the first degree, and sentenced to imprisonment in the penitentiary at hard labor for a term of 20 years. To reverse the judgment rendered, the defendant prosecutes this appeal.

Crocket Daggs was jointly indicted with the defendant in this case, tried separately, convicted of manslaughter in the first degree, and his conviction affirmed by this court (See *Crocket Daggs v. State,* 12 Okla. Cr. 289, 155 Pac. 489, a companion case to this case), and the facts in the said Daggs Case being identical with the facts in this case, renders it unnecessary to recite them.

Very many errors are assigned in the petition in error in this case, but only the following errors are stated in defendant's brief: (1) The court erred in overruling the motion for a new trial; (2) the court erred in overruling the demurrer to the indictment; (3) the verdict is

contrary to the law and evidence; (4) the court erred in its instruction to the jury in paragraphs 12 and 13 of its instructions.

But the only error argued at all in defendant's brief is the error of the court in giving the said paragraphs 12 and 13 of said instructions, and therefore all other errors assigned must be regarded as abandoned. Paragraphs 12 and 13, as set out in defendant's brief, read as follows:

"(12) The court instructs you that if you find from the evidence in this case, beyond a reasonable doubt, that during the row, or after the same had subsided between Mart Lancaster and Long Conley and others, that Jim Rogers and Crocket Daggs, acting together in a common design to aid Mart Lancaster by fighting, and you believe beyond a reasonable doubt that in pursuance to said design on the part of the said Jim Rogers and Crocket Daggs, etc.

"(13) The court further instructs the jury that to constitute a person an aider and abettor he must be aware of his companion's designs, and must participate in the crime," etc.

The record discloses that all of paragraphs 12 and 13 of the instructions of the court are not correctly copied in the defendant's brief, parts of same being omitted, and therefore only parts of said paragraphs 12 and 13, respectively, are submitted for consideration, and this cannot be legally done, as in order to review a paragraph of an instruction, the entire paragraph must be presented; however, we have carefully considered respectively the said paragraphs 12 and 13 of said instructions as they are shown by the record to have been given, and when thus considered, said paragraphs of said instructions are free from error.

Notwithstanding the demurrer to the indictment is not argued in the defendant's brief, we have carefully con-

sidered the indictment, and find that, while there are a surplus of averments therein, the indictment is sufficient, and the court did not err in overruling the demurrer thereto.

In the well-considered case of *Daggs v. State, supra,* it is said by Presiding Judge Doyle, and the statement is equally applicable in the instant case, approved, and adopted herein, that:

"The evidence shows that the crime in question was committed under circumstances indicating on the part of the perpetrator a depraved mind and a wanton and reckless disregard for human life. Upon the whole case, we are satisfied that the verdict was neither against the weight of evidence, nor against law; that the trial was conducted in substantial conformity with the law, and the result was such as the jury might properly reach upon the evidence."

Finding no prejudicial error in the record, the judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J., concur.